**UNITED STATES DISTRICT COURT · EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN DAVID GARDINER, § § Plaintiff, § § versus § § COMMISSIONER OF SOCIAL SECUIRTY, § § Defendant. § | CIVIL ACTION NO. 9:23-CV-200-MAC |

### ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court has considered the report and recommendation (#21), and the Plaintiff's objections (#22).

Gardiner's objections assert that the magistrate judge did not show how the ALJ supported the divergence from state agency opinions with substantial evidence in light of the ALJ's failure to explain why the opined standing/walking limitations were omitted from the RFC. He argues that the ALJ did not indicate the standing/walking limitations opined by state agents were unsupported or inconsistent with the record.

The magistrate judge pointed out in the report and recommendation that the ALJ only gave "some weight" to the state agency examiners, and the ALJ's decision to include a less restrictive standing/walking limitation was supported by substantial evidence in the record. As

1

indicated in the report, the ALJ explained his reasoning for this less restrictive limitation by referring to Gardiner's normal exams, imaging, testing and his own testimony about his activities of daily living. The ALJ specifically stated that despite Gardiner's musculoskeletal impairments, he retained a high degree of functioning physically which allowed him to perform a restricted range of light work consistent with the RFC given. (Tr. 28.) ALJ Meyer pointed out in his decision that Gardiner admitted in medical records during the relevant disability period that he works outside all the time, including throwing metal at a junkyard, mowing, working on cars, and installing air conditioners. (Tr. 28, 631, 658, 687-688, 689, 860, 1011.) It was also noted in the decision that Gardiner also reported to his medical providers that he caretakes for his wife, works odd jobs for his small income, and cares for his elderly neighbor doing house repairs, yardwork, and other chores. (*Id.*)

These stated reasons in the ALJ's decision "explain" why he gave the state agency examiners' opinions only "some weight" and deviated slightly from their recommended limitation findings. *See Keith S. v. O'Malley*, No. 1:23-CV-174-H-BU, 2024 WL 4329138, at *3 (N.D. Tex. Aug. 13, 2024) ("The ALJ's discussion of the persuasiveness of a medical opinion and the consistency and supportability factors is not confined to the specific discussion of the opinion itself but is considered in light of the entire [residual functional capacity] discussion and the evidence discussed therein.") (quoting *Garner v. Kijakazi*, No. 1:22-CV-563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023)).

The court has conducted a de novo review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful review, the court finds that the objections are without merit and the findings of fact and conclusions of law of the United

States magistrate judge are correct, and the underlying administrative decision is free from legal error and supported by substantial evidence.

Accordingly, the court OVERRULES the Plaintiff's objections, ADOPTS the report and recommendation of the magistrate judge, and AFFIRMS the Commissioner's denial of benefits. A final judgment will be entered separately in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 20th day of February, 2025.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE